SHARON L. NELSON
Nevada Bar No. 6433
NELSON LAW
8670 West Cheyenne Avenue, Suite 120
Las Vegas, NV 89129
Telephone: (702) 247-4LAW
Facsimile: (702) 737-4LAW
Attorneys for Plaintiff
Raymond E. Wilson

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND E. WILSON, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>SUPERVALU, INC., a foreign corporation d/b/a ALBERTSON'S; DOES and ROES 1-100; inclusive,<br><br>Defendant. | Case No: 2:10-CV-01436-LDG-LRL<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

The above-named parties, by and through their respective counsel of record, hereby submit their stipulated discovery plan and scheduling order pursuant to Local Rule 26-1(e) for the Court's approval.

### PROPOSED SCHEDULE

1. <u>Fed. R. Civ. P. 26(a) Initial Disclosure</u>: No changes are necessary in the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a) or Local Rule 26-1(a).

2. <u>Estimate of time required for discovery</u>: Discovery will take 180 days from September 13, 2010, which is the date Defendant filed its answer in this case. All discovery must be completed by no later than March 11, 2011, which is 180 days from September 13, 2010.

3. <u>Amendment of pleadings and addition of parties</u>: Unless otherwise stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date and not later than December 10, 2010.

4. <u>Disclosure of Expert Witnesses</u>: In accordance with Fed. R. Civ. P. 26(a)(2), disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date and no later than January 10, 2011. Disclosures identifying rebuttal experts shall be made thirty (30) days after the disclosure of experts and no later than February 9, 2011.

5. <u>Interim Status Report</u>: On or before January 11, 2011, sixty (60) days prior to close of discovery, the parties shall file an Interim Status Report, as required by LR 26-3, stating the time estimated for trial, three alternative dates for trial, and whether or not trial will be proceeding or affected by substantive motions.

6. <u>Dispositive Motions</u>: Dispositive motions must be filed within thirty (30) days after the close of discovery, which is April 11, 2011.

7. <u>Pretrial Order</u>: If no dispositive motions are filed, the Joint Pretrial Order shall be filed by May 11, 2011, which is no later than thirty (30) days after the date set for the filing of dispositive motions. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after decision on the dispositive motions or by further order of the Court.

8. <u>Extensions or Modifications of the Discovery Plan and Scheduling Order</u>: In accordance with LR 26-4, any stipulation or motion for modification or extension of this discovery plan scheduling order must be made no later than twenty-one (21) days before discovery cut-off date, or no later than February 18, 2011.

9. <u>Electronically Stored Information</u>: The parties recognize that electronically-stored information may be involved in this matter and prefer to deal with such information on an ad hoc basis as issues may arise.

10. <u>Protection of Privileged/Trial Preparation Material</u>: If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing within thirty (30) days of the discovery that such document(s) have been disclosed, which

written notification will set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees that the inadvertently-produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies. If the receiving party disputes that the items are privileged or trial preparation materials, it will within thirty (30) of written notification of the inadvertent disclosure, present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the producing party's written notification and any statement the receiving party wishes to make in support of its position that the items are not privileged or trial preparation material. If the disclosing party disclosed the inadvertently-produced privileged or trial preparation materials before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the materials pending resolution of the matter.

No inadvertent disclosure shall operate as a waiver to any claim that the document(s) is privileged.

Dated this 1st day of December 2010.

**JACKSON LEWIS LLP**                          **NELSON LAW**

/s/ Elayna J. Youchah                          /s/ Sharon L. Nelson
ELAYNA J. YOUCHAH                              SHARON L. NELSON
Nevada Bar No. 5837                            Nevada Bar No. 6433
LISA A. McCLANE                                8670 West Cheyenne Avenue, Suite. 120
Bar No. 10139                                  Las Vegas, NV  89129
3960 Howard Hughes Parkway, Suite 450          Attorneys for Plaintiff
Las Vegas, NV  89169                           Raymond E. Wilson
Attorneys for Defendants
Hilton Worldwide, Inc. and
Hilton Grand Vacations Company, LLC

**IT IS SO ORDERED.**

Dated this 10th day of December 2010.

_____
U. S. MAGISTRATE JUDGE